**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Ronnell L. Reed, | : | Case No. 5:07CV0086 |
| | : | |
| Petitioner | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Edwin C. Voorhies, Jr., Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges his conviction and sentence pursuant to pleas of guilty entered on January 25, 2005 to one count of sexual battery, one count of assault, one count of attempted burglary, one count of gross sexual imposition, and two counts of telephone harassment, upon which he was sentenced to an aggregate term of seven years incarceration.

Petitioner was originally convicted on June 5, 2003 pursuant to pleas of guilty to one count of rape, upon which he was sentenced to seven years incarceration, one count of assault, upon which he was sentenced to six months incarceration, one count of telephone harassment, upon which he was sentenced to one year, and one count of attempted burglary, upon which he was

1

sentenced to five years,[1] with all sentences to be served concurrently for an aggregate sentence of seven years incarceration.

Petitioner filed a motion to withdraw his pleas of guilty, but that motion was denied on June 18, 2003. Also on that date, after having conducted a sexual predator classification hearing, the trial court classified petitioner a sexual predator.

On June 25, 2003 petitioner, acting through new counsel, appealed the trial court's finding that he was a sexual predator to the Ohio Ninth District Court of Appeals, alleging two assignments of error:

> I. The trial court erred in classifying the appellant as a sexual predator because the appellee presented insufficient evidence to prove by clear and convincing evidence that the appellant would commit an additional sexual offense in the future. In addition, such a finding is against the weight of the evidence presented by the appellee. Finally, in adjudicating the appellant as a sexual predator the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed.
>
> II. The trial court erred in labeling the appellant as a sexual predator because it did not comply with the statutory requirements contained within R.C. 2950.09(B)(4) and (E)(2).

On April 4, 2004 the appellate court affirmed the lower court regarding petitioner's first assignment of error alleging that there had been insufficient evidence upon which to find him to have been a sexual predator, but found the second assignment of error to be well taken in light of the fact that "the trial court failed to expressly determine [petitioner's] status as a habitual sexual offender...[in order] to comply with the requirements of R.C. 2950.09(E)." The matter was

---

[1] Petitioner had originally been charged with another count of attempted burglary, three counts of telephone harassment, three counts of aggravated menacing, one count of voyeurism, two counts of menacing by stalking, one count of criminal trespass, and one count of attempted rape, all of which were dismissed upon entry of his pleas of guilty to the remaining charges.

remanded to the trial court "with instructions to specifically determine Appellant's habitual sex offender status."

On July 10, 2003, shortly after the direct appeal was filed through counsel, petitioner filed pro se with the trial court a motion to withdraw his pleas of guilty alleging that he could provide proof of actual innocence as he was incarcerated at the time of the rape, but neglecting to append such proof. The prosecution filed a motion to dismiss, based in part on the court's lack of jurisdiction consequent to the pending appeal. Petitioner's motion to withdraw his guilty plea was denied on July 29, 2003.

On August 13, 2003 petitioner filed another motion to withdraw his guilty plea on the same grounds, but this time with the supporting documents appended. However, on August 29, 2003 petitioner sent a letter to the trial court requesting that the court dismiss his motion to withdraw, on the basis that he had been threatened by the prosecution. In a responsive pleading filed on the same date the prosecuting attorney admitted informing petitioner of his "intent to prosecute him on all possible charges rather than afford him another plea bargain should he withdraw his plea....[since] he had and would have no right to any plea bargain." On September 3, 2003 the trial court issued a vaguely worded decision, stating in pertinent part:

> [T]his cause came on to be heard on the Pro Se Motion of the Defendant, RONNELL L. REED, to withdraw the Defendant's Pro Se motion to withdraw his guilty plea filed August 29, 2003.
>
> Upon due consideration of ths Court, IT IS HEREBY ORDERED that the Defendant's Motion is GRANTED.

The court thus appeared to grant the motion to withdraw the motion to withdraw his guilty plea, which in turn resulted in the guilty plea remaining intact.

On September 8, 2003 petitioner filed with the trial court a petition to vacate or set aside

3

his sentence in which he argued once again that he had been incarcerated at the time of the rape. In its motion to dismiss the petition, the prosecution argued that res judicata barred the court from addressing that issue, and that petitioner's guilty pleas barred him from arguing actual innocence.

On October 30, 2003 the petitioner, now represented by new counsel, filed a supplemental motion for post conviction relief arguing that he "was undoubtedly incarcerated during the time in which the alleged rape in the present case occurred."

On November 17, 2003 petitioner and his counsel appeared before the trial court and orally withdrew his previous plea of guilty and then entered a plea of not guilty to the charges against him. The prosecution challenged the change of plea in a motion for reconsideration filed on January 15, 2004, arguing that the trial court lacked jurisdiction to rule on the motion to withdraw the guilty plea in light of the fact that petitioner's direct appeal was still pending.[2]

On January 26, 2004 the trial court vacated for lack of jurisdiction its November 17, 2003 order changing petitioner's plea, and in so doing, also vacated any order entered after the appeal was filed on September 3, 2003.

Petitioner, now acting pro se, appealed the foregoing decision, but the appellate court dismissed the appeal on April 9, 2004 for failure to comply with the court's previous entry requiring petitioner to pay a deposit and to file a docketing statement.

On June 24, 2004 the petitioner filed with the state appellate court a pro se petition for writ of habeas corpus, claiming that he had been illegally arrested, illegally prosecuted, and was being illegally held against his will. He also raised claims of ineffective assistance of counsel and of having been convicted upon an invalid indictment. He subsequently did an about-face and filed

---

[2]There was no ruling on the direct appeal until April 4, 2004.

a motion to voluntarily dismiss that petition, which was granted on August 9, 2004.

On August 19, 2004, petitioner filed with the state trial court yet another motion to withdraw his pleas of guilty, in which he argued that now that there had been a decision on his direct appeal the court could address his argument that he had been incarcerated when the rape occurred. The prosecution opposed the motion by asserting that there was no evidence that petitioner had been coerced into entering his guilty plea so as to make that plea involuntary. On October 22, 2004 petitioner, now represented by counsel, was permitted to withdraw his guilty plea and to enter a plea of not guilty to the 16 charges in the original indictment.

On November 15, 2004 petitioner filed a motion to reinstate any motions previously filed prior to entry of his original pleas of guilty, which included a motion to sever counts.

On December 14, 2004 the prosecution filed a third supplement to the indictment charging petitioner with one count of gross sexual imposition and two counts of telephone harassment, to which petitioner entered pleas of not guilty.

On January 25, 2005 petitioner once again withdrew his pleas of not guilty, and entered pleas of guilty to one count of sexual battery (the indictment had been amended to substitute the lesser included offense of sexual battery in place of the rape charge), one count of assault, one count of attempted burglary, one count of gross sexual imposition, and two counts of telephone harassment. Petitioner was again sentenced to an aggregate term of seven years incarceration. The remaining counts of the indictment and supplemental indictment were dismissed in a journal entry dated February 3, 2005.

Nearly a year went by and then on January 12, 2006 the petitioner, acting pro se, filed with the state appellate court a notice of delayed appeal from the January 25, 2005 judgment of the trial

court, arguing that he had not been advised of his appeal rights and that the court lacked jurisdiction to accept his plea of guilty on an indictment which had not been rendered by a grand jury.  The prosecution opposed that attempt at a delayed appeal, arguing that petitioner had been advised of his appeal rights, that upon entry of a guilty plea only the sentence, and not the conviction, could be appealed, and that he had not provided a valid reason for his failure to timely file his appeal.  On January 24, 2006 the appellate court dismissed his appeal for failure "to set forth sufficient reasons for having failed to perfect a timely appeal."  No further appeal was filed.

On July 28, 2005, six months after the January 25, 2005 sentencing entry by the trial court, but prior to filing the aforementioned notice of delayed appeal, petitioner filed with this federal court a petition for writ of habeas corpus, in which he raised the following three claims for relief:

> **A.  GROUND ONE:**  Conviction was obtained by constructive altered indictment which violated Fifth Amendment right of due process to the Const.
>
> **B.  GROUND TWO:** Ineffective assistance of trial counsel.
>
> **C.  GROUND THREE:** Fundamental miscarriage of justice in violation of the Fourteenth Amendment due process [sic].

On September 29, 2005, Your Honor entered a memorandum opinion and order dismissing the petition, holding that any challenge to the indictment was vitiated by the entry of a plea of guilty to the charges.  In addition, the ineffective assistance of trial counsel claim was deemed to have been unexhausted, as he was still able to raise it in a motion for post-conviction relief.

On April 21, 2006 the petitioner filed with the Sixth Circuit Court of Appeals a motion for leave to file a second or successive petition, which that court denied on February 2, 2007 on the basis that petitioner could file a new petition without permission in light of the fact that his first petition was dismissed as unexhausted.

6

Prior to that entry, however, on January 3, 2007 petitioner filed the instant petition for writ of habeas corpus, alleging the following two claims for relief:

> **A. GROUND ONE:** Petitioner was deprived of his right to be put on notice of the charges made against him in violation of his Sixth and Fourteenth Amendment to the United States Constitution.
>
> **B. GROUND TWO:** Petitioner has been denied the right to obtain his transcripts for appeal, in violation of the Fourteenth Amendment to the United States Constitution.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Respondent argues that the petition should be dismissed as having been untimely filed and as having failed to raise a claim cognizable in habeas corpus.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Turning to the present case, the time in which petitioner would have had to file a direct appeal from the January 25, 2005 judgment and sentence would have expired on February 24,

2005.  Lucas v. Carter, 46 F.Supp.2d 709 (N.D.Ohio 1999).  The one-year limitations period began to run on the following day, and continued to run for 309 days until January 12, 2006 when petitioner filed his motion for delayed appeal.  Section 2244(d)(2); Searcy v. Carter, 246 F.3d 515 (6th Cir. 2001) (holding that a motion for delayed appeal tolls the limitations period while it remains pending).  That action remained pending until the motion was denied on January 24, 2006, and the statute began to run again on the following day.  The limitations period continued to run for another 56 days before it expired on March 21, 2006.

Petitioner did not file the instant petition until January 3, 2007.

The limitations period was not tolled by the July 28, 2005 filing of the first federal petition for writ of habeas corpus, as Section 2244 (d)(2) provides that it is only actions filed in state, and not federal, court which toll the running of the statute.  Duncan v. Walker, 533 U.S. 167 (2001).

Furthermore, the limitations period could not have been tolled by the April 21, 2006 filing of his application to file a second petition, as it would have already expired one month prior thereto and it raised entirely different claims for relief as those raised in the first petition.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of his time-barred claims for relief in habeas corpus. See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001).

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

Even if for some reason the instant petition was not deemed as untimely filed, this Court would find that petitioner has not raised claims for relief which are cognizable in habeas corpus.

"A plea of guilty is more than a confession which admits that the accused did various acts;

it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Due to the impact of such a plea on a defendant's constitutional rights, a federal court on habeas corpus review may only overturn a conviction based upon a guilty plea if it is found that the plea violated a petitioner's constitutional right to due process. Brady v. United States, 397 U.S. 742, 747 (1970).

It is manifest that a plea of guilty or no contest is invalid unless it is entered by a defendant knowingly, intelligently and voluntarily, without coercion. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, supra at 747; Boykin v. Alabama, supra at 242; Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004). In order to withstand a post-conviction challenge to the voluntariness of the plea, the record must be clear as to the voluntariness. Boykin v. Alabama, supra at 242.

In a federal habeas corpus proceeding in which a petitioner challenges the validity of a guilty plea, it is the duty of the respondent to demonstrate that the guilty plea was entered knowingly, intelligently and voluntarily, which is typically accomplished by submission of a presumptively correct plea proceeding transcript. Stumpf v. Mitchell, supra at 600, citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993). The totality of the circumstances surrounding the entry of a plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea, Brady v. United States, supra at 755; Stumpf v. Mitchell, supra at 609, including potential maximum sentences, King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994), as well as mandatory minimum sentences, United States v. Stubbs, 279 F.3d 402, 412 (6th Cir. 2002). A ruling by a state court upholding the validity of the guilty plea is presumed correct, unless there is a showing that the plea proceeding transcript is

9

somehow inadequate to demonstrate that the plea was entered knowingly, intelligently and voluntarily. Stumpf v. Mitchell, supra at 600, citing Garcia, supra at 326-27.

Mere post hoc claims of a petitioner that a plea agreement was different than what appeared on the record cannot, standing alone, overcome the presumption that the guilty plea was valid, the rationale being:

> If we were to rely on [the defendant]'s alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy...indicating the opposite.

Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999), cert. denied, 528 U.S. 847 (1999).

Turning to the present case, instead of challenging the voluntariness of his guilty plea, as he must in order to present a cognizable claim in habeas corpus after having entered such a plea, petitioner challenges the indictment and his right to obtain transcripts for appeal. Having failed to properly challenge his guilty plea, under the authorities cited above petitioner has failed to state a claim for relief cognizable in habeas corpus.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.[3]

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: November 15, 2007

---

[3] Petitioner has filed a multiplicity of motions, a few of which may remain pending. If this recommendation is accepted, for housekeeping purposes all pending motions should be dismissed as moot.

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).