UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| RONNELL L. REED, | : | CASE NO. 5:07-cv-86 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 1, 37, 40 & 41] |
| STUART HUDSON, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 3, 2007, Petitioner Reed filed a Petition for a Writ of Habeas Corpus pursuant to U.S.C. § 2254. [Doc. 1]. On January 29, 2007, Respondent Edwin C. Voorhies, Jr.[1] filed a Return of Writ. [Doc. 17]. On January 14, 2005, the Court referred the case to Magistrate Judge David S. Perelman for a Report and Recommendation, pursuant to Local Rule 72.1. [Doc. 9]. On November 15, 2007, Magistrate Judge Perelman issued a report and recommended that the Court deny the Petition for Writ of Habeas Corpus. [Doc. 37]. On November 26, 2007, Petitioner filed a timely Objection to Magistrate Judge Perelman's Report and Recommendation. [Doc. 40]. He filed another timely objection, stated a motion to supplement, on November 29, 2007. [Doc. 41].

Upon *de novo* review of the record and the reasons discussed in the Magistrate Judge's Report and Recommendation, the Court **AMENDS**, in part, the Report and Recommendation and otherwise **ADOPTS** the findings of the Magistrate Judge. The Court **DENIES** Petitioner's

---

[1] Since filing the return, the Petitioner has been moved to a different prison. The Court has substituted Respondent Hudson as a party in this matter.

Case No. 5:07-cv-86
Gwin, J.

application for writ of habeas corpus.

## I. Background

Magistrate Judge Perlman recommends this case be dismissed as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), This case has a tortured procedural history involving at least two guilty pleas, at least three motions to withdraw those guilty pleas and at least three appeals the Summit County Court of Appeals.

For purposes of the determining the timeliness of this Section 2254 petition under AEDPA, the Court examines when Petitioner Reed's state conviction became final. After a number of guilty pleas, motions to withdraw the pleas, appeals and subsequent appeals, on January 25, 2005, Petitioner Reed pled guilty to one count of sexual battery, one count of assault, one count of attempted burglary, one count of gross sexual imposition, and two counts of telephone harassment. The trial judge sentenced him to an seven years of incarceration and dismissed the remaining counts upon the recommendation of the prosecutor. [Ex. 41].

On January 12, 2006, Petitioner Reed filed a notice of delayed appeal from the decision of the January 25, 2005, decision of the trial court to accept his guilty plea. With this delayed appeal, Reed argued that the trial court lacked jurisdiction to accept his plea on an indictment not rendered by the grand jury. [Ex. 42]. Ohio opposed the appeal, and argued that Petitioner had been advised of his appeal rights and that, because of his guilty plea, he could only appeal his sentence not his conviction. [Ex. 43]. On January 24, 2006, the Court of Appeals dismissed Reed's appeal for failure to set forth sufficient reason for failing to perfect a timely appeal. [Ex. 44]. Petitioner did not further appeal to the Supreme Court.

On July 28, 2005, prior to filing his motion for delayed appeal with the state court, Reed filed a Petition for Writ of Habeas Corpus in this Court argued that the amendment to the indictment was unconstitutional, violating his right to due process, that he had suffered ineffective assistance of trial counsel, and there was a fundamental miscarriage of justice. On September 29, 2005, this Court issued an order dismissing the petition for failure to exhaust, further noting that the guilty plea precluded Reed from challenging his conviction. On April 21, 2006, Reed filed a motion in the Sixth Circuit asking for permission to file a second or successive habeas petition. [Ex. 51]. On February 2, 2007, the Sixth Circuit denied the motion as unnecessary, finding that the Petitioner could file a new petition without permission because his first petition was dismissed for lack of exhaustion. [Ex. 52].

Petitioner filed the instant petition on January 3, 2007, alleging that he was "deprived of his right to be put on notice of the charges made against him in violation of his Sixth and Fourteenth Amendment to the United States Constitution" and "denied the right to obtain his transcripts for appeal, in violation of the Fourteenth Amendment to the United States Constitution."

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court

Case No. 5:07-cv-86
Gwin, J.

proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

### III. Analysis

A. The Petition is Untimely

Magistrate Perelman recommends this Court find the petition untimely. Petitioner Reed pled guilty on January 25, 2005 and did not initially appeal his conviction and sentence. His conviction therefore became final thirty days after his plea, on February 25, 2005. *Lucas v. Carter*, 46 F.

-4-

Case No. 5:07-cv-86
Gwin, J.

Supp.2d 709 (N.D. Ohio 1999).  The statute of limitations continued to run until January 12, 2006 when the Petitioner filed his motion for delayed appeal. Section 2244(d)(2); *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001) (a motion for delayed appeal tolls the limitations period).  That motion was denied on January 24, 2006, and the statute of limitations period began to run the next day. The limitations period expired on March 21, 2006.

The first federal habeas petition did not toll the statute of limitations period, as Section 2244 (d)(2) provides that it is only actions filed in state court toll the running of the statute. *Duncan v. Walker*, 533 U.S. 167 (2001).

1. Equitable Tolling

The Magistrate found nothing in the record to warrant equitable tolling in this case to permit review of his time-barred claims for relief in habeas corpus.  Petitioner objects to the magistrate's finding that the petition was untimely filed.  He argues that since he did not receive transcripts from the state proceedings, despite the trial court judge's alleged assurances, he could not file his petition and that this should equitably toll the statute of limitations.

Petitioner Reed argues that he could not pursue an appeal without the transcripts from the hearing, as he would not know which claims to make. [Doc. 1] But, of course, Reed was at the hearing or had some access to his counsel who was at the hearing.  Beyond, he makes no suggestion what additional issue exists.  Reed also could have asked for the transcripts again.  Recall, in arguing to the Ohio Court of Appeals that it should reverse his January 25, 2005, plea, Reed claimed that the trial court lacked jurisdiction to accept his plea on an indictment not rendered by the grand jury. But the Ohio Court of Appeals could deal with those issues without the plea transcript, or any other transcript.  Ultimately, the Ohio Court of Appeals dismissed Reed's appeal for lack of prosecution

Case No. 5:07-cv-86
Gwin, J.

but any failure to obtain a transcript could not have stopped his ability to make some argument that the grand jury did not issue the indictment.

A court considers the following factors in deciding whether equitable tolling should apply: (1) petitioner's lack of notice or constructive knowledge of the filing requirement; (2) diligence in pursuing one's rights; (3) absence of prejudice to the respondent; and (4) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). The Supreme Court has considered two factors relevant to the equitable tolling analysis: whether the Petitioner had been pursuing his rights diligently and whether some extraordinary circumstance stood in his way from filing the petition in a timely fashion. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

According to the Petitioner, he requested transcripts at his change of plea and sentencing for that hearing and for the October 22, 2004 hearing. The trial court may have granted the request. [Doc. 1, Ex. A]. The Petitioner did not receive the transcripts. Nothing suggests that he wrote to the court reporter or the clerk of courts requesting the transcript. And, as mentioned above, it escapes understanding how a transcript would have helped Reed's argument that the trial court lacked jurisdiction to accept his plea on an indictment supposedly not rendered by the grand jury.

Irrespective of whether the transcript was needed for his argument to the Ohio Court of Appeals, Reed waited until February 25, 2005, the day his time for appeal ended, and then he filed a complaint to the Ohio Bar Association, a not-for-profit professional association, with no direct responsibility for the case, to report the judge's supposed error. The Ohio Bar Association,

Case No. 5:07-cv-86
Gwin, J.

restating, has nothing to do with the processing of the case. Apparently the Ohio State Bar Association responded to Petitioner Reed's letter on April 22, 2005. He claims he did not receive it until May 4, 2005. Petitioner did not file anything more until he filed his federal habeas in July of 2005.

Some effort to write to the Ohio State Bar Association cannot constitute a reasonable effort to prosecute the appeal. Obviously, Reed should have made some effort to contact either the court reporter, the clerk of courts, the judge or the prosecutor. Moreover, as mentioned above, the Court of Appeals dismissed Reed's delayed petition to appeal because he did not prosecute it. Given his grounds for appeal, the plea transcript was not necessary, or even helpful to make out his claimed errors.

Even if the Court found that writing the State Bar Association to seek assistance in getting a transcript was reasonable, which the Court does not, Petitioner Reed's federal habeas petition is not timely. Even if the Court equitably tolled the statute of limitations, it would be tolled for thirty-eight days, from February 25, 2005 until May 4, 2005, and the statute of limitations would have run on April 29, 2006. The instant petition was not filed until January 3, 2007.

If Petitioner is correct in that he did not learn of his appellate rights immediately, he has the burden of proving that he exercised due diligence. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). If he exercised due diligence, the statute of limitations does not begin running until he learned that he could bring the claim. *Id.* Petitioner has put forth no evidence of that he exercised diligence.

Finally, even if the Court tolled the statute of limitations, he still could not meet the deadline. At the very least, Petitioner knew he had a right to appeal as of September 29, 2005, when this Court

Case No. 5:07-cv-86
Gwin, J.

dismissed his habeas petition for failure to exhaust. Petitioner did not file any delayed notice of appeal until January 12, 2006, and Ohio dismissed that appeal on January 24, 2006. Even if the statute of limitations did not begin to run until this Court informed Petitioner of his right to appeal on September 29, 2005, which this Court does not find, it was only tolled for the twelve days it took to file a delayed appeal. The statute of limitations would have run by October 10, 2006. Petitioner failed to file this habeas action until January 3, 2007.

Therefore, the Petitioner's equitable tolling objection to the Magistrate's recommendation that the Court find his petition untimely is not well-taken.

2. Actual Innocence

The Petitioner also argues that the Court should find that the Petitioner has shown that he is actually innocent and this should excuse the delayed filing. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). The Court considers whether there are "new facts [that] raise sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Once the Petitioner has established his actual innocence, "the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Souter*, 395 F.3d at 590 *citing Schlup*, 513 U.S. at 316.

*Petitioner's First Objection (Doc. 40)*

The Petitioner does not raise new facts that undermine the Court's confidence in the result

Case No. 5:07-cv-86
Gwin, J.

of the trial. First of all, the Petitioner *pled guilty*. Furthermore, the facts he does allege go to his selective prosecution claim, not a claim that he is innocent. The Petitioner failed to raise this in his actual habeas petition, though he makes the argument in his objection to the magistrate's report and recommendation and in several motions. Petitioner makes a selective prosecution claim. This claim does not show actual innocence. "A selective-prosecution claim is *not a defense on the merits to the criminal charge itself*, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996)(emphasis added); *see also United States v. Abboud*, 438 F.3d 554, 559 (6th Cir. 2006)("The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in the institution of the prosecution.") (quotation omitted). As such, the selective prosecution claim does not establish a gateway actual innocence claim such that the Court will consider the merits of the petition. *See Souter*, 395 F.3d at 590, 596.

*Petitioner's Motion to Supplement Objections*

Petitioner filed a motion to supplement his objections. As the motion was filed within his ten days to object to the magistrate's report, the Court will consider it. In this motion, he argues that he has shown his innocence because the complainant changed her story about the year when she was raped. The Court finds this is not a *new* fact within the meaning of *Sclup*. 513 U.S. 317. The Petitioner pled guilty to the charge *after* Ohio amended the indictment to reflect a different year. [Ex. 38, 39, 41]. As such, this does not establish a gateway actual innocence claim. *See Souter*, 395 F.3d at 590.

B. Petitioner's Other Objections

The Petitioner argues that Magistrate Judge Perelman failed to address his underlying equal

Case No. 5:07-cv-86
Gwin, J.

protection claims in his report and recommendation. As this is an objection based on the merits of the petition, the Court will not consider it. The petition is time barred.

The Petitioner asks this Court to review Docs. 11 and 34 to see why the magistrate granted the motions. In Document 11, Magistrate Perelman granted Petitioner's motion to supplement the record, [Doc. 8] and denied his motion for an extension of time as moot. [Doc. 6]. Petitioner's motion to supplement included evidence to support his selective prosecution claim. In Document 34, Magistrate granted petitioner's motion to supplement the record with evidence of his actual innocence. That document consisted of mostly argumentation about the police report arising out of the complainant's statements. [Doc. 24]. In both of these documents, Magistrate Perelman granted *petitioner's* motions, though he dismissed the motion for an extension as moot. Magistrate Perelman did explain in Doc 34 that he granted the Petitioner's motion, as there was no objection from the state. The Petitioner can assert no prejudice from the magistrate's granting his own motions.

### IV. Conclusion

For the reasons stated above, the Court **AMENDS** and **ADOPTS** the Magistrate's report and recommendation and **DISMISSES** Petitioner's application for habeas corpus. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2453(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: December 7, 2007         s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE