UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
RONNELL L. REED,                                : CASE NO. 5:07-cv-86
                                                :
            Petitioner,                         :
                                                :
vs.                                             : OPINION & ORDER
                                                : [Resolving Docs. No. 44]
STUART HUDSON,                                  :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 7, this Court dismissed Petitioner Reed's Petition for a Writ of Habeas Corpus as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). [Doc. 42]. Petitioner now moves that this Court reconsider its decision to deny a certificate of appealability. [Doc. 44].

For the reasons discussed below, the Court **DENIES** Petitioner's motion for reconsideration.

### I. Background

This Court found the Petitioner's petition untimely, not appropriate for equitable tolling, and that Petitioner failed to establish an actual innocence gateway claim. The Petitioner asks this Court to reconsider its decision not to grant a certificate of appealability on the issue of equitable tolling, arguing that this decision causes a manifest injustice. Specifically, he argues that this Court should grant a certificate of appealability regarding whether courts should equitably toll the statute of limitations due to a petitioner's inability to obtain transcripts.

### II. Legal Standard

-1-

Case No. 5:07-cv-86
Gwin, J.

A motion for reconsideration is considered a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). When the defendant views the law in a light contrary to that of this Court, the defendant's "proper recourse" is not by way of a motion for reconsideration but "appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

### III. Analysis

The Petitioner continues to argue he could not appeal his conviction and sentence without transcripts. This Court found that the Petitioner did not demonstrate diligence in his attempts to get the transcript after his plea hearing. A court considers the following factors in deciding whether equitable tolling should apply: (1) petitioner's lack of notice or constructive knowledge of the filing requirement; (2) diligence in pursuing one's rights; (3) absence of prejudice to the respondent; and (4) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). "This list of factors is not necessarily

Case No. 5:07-cv-86
Gwin, J.

comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). The Supreme Court has considered two factors relevant to the equitable tolling analysis: whether the Petitioner had been pursuing his rights diligently and whether some extraordinary circumstance stood in his way from filing the petition in a timely fashion. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In this case, the Court denied a certificate of appealability because the Petitioner clearly did not exercise diligence. The Petitioner asked for a transcript at his hearing, and then on the last day on which he could file an appeal, he filed a complaint with the Ohio bar. The Petitioner did nothing else. This does not demonstrate diligence. The Petitioner could have also written a motion to the trial court, he could have filed a notice of appeal and moved for a transcript in the appellate court, or he could have filed a notice of appeal and made the arguments he makes in his instant petition to the appellate court. At the very least, he could have appealed his denial of a transcript. For these reasons, the Court found that equitable tolling would not properly apply to this case, and the Court again denies a certificate of appealability on this issue. A Petitioner need do more than write to an ethics board and ask for the transcripts at a hearing to demonstrate diligence. His failure to file any notice of appeal or any post-trial motions until after his first federal habeas action demonstrates his lack of diligence.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** the motion for reconsideration. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 US.C. 2253(c); Fed. R. App. P. 22(b).

Case No. 5:07-cv-86
Gwin, J.

       IT IS SO ORDERED.


Dated: December 27, 2007                       s/       *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE